# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-1256 |
| | : | |
| MCDONALDS #35988, *et al.*, | : | |
|     Defendants. | : | |

## <u>MEMORANDUM</u>

**SCHILLER, J.**                                                                             **MARCH 10, 2020**

Plaintiff Westley Retzler has filed a civil action asserting claims of employment discrimination, a Motion for Leave to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel. Named as Defendants are Retzler's former employer TNT Nelson Group ("TNT") — the owner of the McDonalds #35988 franchise in Bristol, Pennsylvania, TNT's apparent owner Timothy L. Nelson ("Nelson"), and several managers and employees of that company including two John Doe employees. For the reasons that follow, the Court grants Retzler leave to proceed *in forma pauperis*. Retzler's claim under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 623, and/or Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, will be dismissed with prejudice and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. The Motion to appoint counsel will be denied.

## I.     FACTUAL ALLEGATIONS

Eliminating characterizations, repetition and conclusory assertions, Retzler's allegations concern his termination from employment at the McDonalds franchise owned by TNT. Retzler, who is a white 68-year-old man, alleges he was subjected to verbal abuse and racist remarks by a

19-year-old African American coworker named Johnathan Perkins. (ECF No. 2 at 4, 7.)[1] He also alleges he was not paid his final wages after he was terminated on March 31, 2019.[2] (*Id.*) Retzler claims that he told Nelson about the issue he was having with Perkins, but Nelson did nothing. (*Id.* at 7, 8.) According to Retzler, Nelson told him that, when confronted with a problem employee, he cuts that employee's hours so that they quit and he doesn't have to pay unemployment benefits. (*Id.* at 9.) Retzler asserts that, when he complained about his coworkers, his hours were cut and he "was targeted to ultimately be relieved of duties by his own choice." (*Id.*)

Retzler also complains about other managers and coworkers treating him badly, including Defendants Thayer Nelson, Chayanne Morris and Tyanna Paulson who each allegedly screamed at him (*id.* at 8, 11, 13, 14) and Defendant Perkins who told him none of his coworkers liked him (*id.* at 10). He also complains about having his hours cut (*id.* at 9), and having to work outside in cold temperatures (*id.*). Defendant Tyanna Paulson, a "candidate for manager," allegedly called him an "old and bald headed white bitch and a bastard." (*Id.* at 13.)

Retzler avers that he was "targeted" by Nelson because of Retzler's complaints of "senior abuse" and unfair treatment. (*Id.* at 12.) Nelson allegedly suspended and then terminated Retzler for taking too long to clean the grill and for insubordination. (*Id.* at 15.) After Retzler applied for unemployment compensation, Nelson appealed his award but Retzler was granted benefits. (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Although he does not cite the statute, Retzler appears to be bringing a claim for unpaid wages under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. §§ 260.1-260.45.

Retzler asserts claims for wrongful termination and harassment against Nelson and Thayer Nelson (*id.* at 16, 17), claims for threats and harassment against Morris, Paulson, Thayer Nelson, and Perkins (*id.* at 16, 17), and a claim for failure to pay wages against TNT/McDonalds #35988 (*id.* at 18.)[3] He seeks money damages against each Defendant. Retzler and all Defendants appear to be Pennsylvania residents or entities. (*Id.* at 1-3.)

## II. STANDARD OF REVIEW

Because the Court has granted Retzler leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourschis v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Retzler is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] Although he names "McDonalds #35988" as a Defendant, Retzler makes no specific claim against it other than to list it as the location where the events at issue occurred. (*See* ECF No. 2 at 4.) It is unclear whether it is a separate legal entity from TNT. (*See* ECF No. 2 at 48 (copy of April 12, 2018 paystub to Westley A. Retzler from "T&T Nelson Group LLC – Brist dba McDonald's #35988").) For purposes of § 1915 screening, the Court construes the Complaint to hold "McDonalds #35988" liable along with TNT on the ADEA, Title VII and state law claims.

3

## III. DISCUSSION

### A. Federal Law Claims

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must allege that "(1) [he] is at least forty years old; (2) [he] suffered an adverse employment decision; (3) [he] was qualified for the position in question; and (4) [he] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). To establish a *prima facie* case of race discrimination under Title VII, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Retzler has failed to state a plausible ADEA or Title VII claim. While he checked the box on the form complaint asserting a federal question basis for the Court's jurisdiction over his claims, he did not specifically cite Title VII or the ADEA. While he asserts that he suffered an adverse employment action, i.e. that he was terminated from his job, he does not allege facts to

4

suggest that he was terminated because of his age or that he is a member of a protected class for purposes of a race claim. Notably, while Retzler asserts that coworkers made comments about his age and race, and that he complained to Nelson, he also alleges that Nelson suspended and then terminated him on the stated ground that he took too long to complete his job duties and for insubordination, apparently related to his refusing to do job duties that involved working outside. Moreover, he does not allege that he was ultimately replaced by another employee who was sufficiently younger so as to support an inference of an age-related discriminatory motive, or otherwise allege a plausible basis for supporting an inference that the reason for his termination was pretextual.

In addition, to the extent that he seeks to bring ADEA or Title VII claims against any Defendant other than his employer TNT/McDonalds #35988, they are not plausible because Retzler's individual coworkers and supervisors were not Retzler's employer. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that "the ADEA limits civil liability to the employer" and therefore individual supervisors are "not . . . proper defendant[s]"); *Wathen v. General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *Smith v. Allstate Ins. Co.*, 195 F. App'x 389, 397 n.7 (6th Cir. 2006) (affirming dismissal of ADEA claims against individual supervisor because individual is not "employer").

To the extent that the Complaint may be read to attempt to assert a hostile work environment claim under the ADEA or Title VII, it is also implausible. To assert a plausible hostile work environment claim under the ADEA or Title VII, a plaintiff must allege: "(1) he suffered intentional discrimination because of his age [or race]; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected him; (4) the harassment would detrimentally

5

affect a reasonable person in that position; and (5) respondeat superior liability." *Howell v. Millersville Univ. of Pennsylvania*, 283 F. Supp. 3d 309, 332 (E.D. Pa. 2017) (ADEA claim; citations omitted); *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (Title VII claim). "The alleged harassment 'must be so severe or pervasive that it alters the conditions of the [plaintiff's] employment and creates an abusive environment.'" *Howell*, 283 F. Supp. 3d at 332 (quoting *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001)). "Stray remarks made by non-decision-makers that are discriminatory generally are considered insufficient to support an inference of discrimination." *Id.* (citing *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992)). The stray remarks alleged here — while distasteful, crude and inappropriate in the workplace — were allegedly made by non-decision makers. Perkins was merely a coworker and Paulson, a "candidate for manager," is not alleged to have had any decision-making authority.

Finally, prior to filing a lawsuit under the ADEA or Title VII, a plaintiff must file a charge of discrimination with the EEOC and receive a right to sue letter before filing a complaint in federal court. *See* 42 U.S.C. § 2000e-5(e), (f)(1); 29 U.S.C. § 623(a); *see also Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 109 (3d Cir. 2014) ("Before an employee may file suit under the ADEA, however, a plaintiff is required to exhaust administrative remedies by filing a charge of discrimination with the EEOC."); *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 413 (3d Cir. 2010) (Title VII claim). Retzler does not allege that he filed a charge with the EEOC or the associated Pennsylvania agency, or that he received a Notice of Right to Sue Letter. Neither did he attach a copy of such a Letter to his Complaint.

As the United States Court of Appeals for the Third Circuit has explained, "[t]he purpose of requiring an aggrieved party to first resort to the EEOC is twofold: to give notice to the

charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). Thus, "suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle." *Butterbaugh v. Chistoff*, 479 F. Supp. 2d 485, 497 (W.D. Pa. 2007) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 93 (3d Cir.1999)). Ultimately, "'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. . . .'" *Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009) (quoting *Ostapowicz*, 541 F.2d at 398-99).

An administrative charge of employment discrimination must be filed within 300 days after the alleged discrimination. *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 480 (3d Cir. 1997) (citing 42 U.S.C. § 2000e–5(e)(1)). Retzler claims he was terminated — and aware he was terminated — on March 31, 2019, meaning that the 300-day limitations period began to run on that date. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) ("A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury."). Therefore, he was required to file his claim with the EEOC no later than January 25, 2020.

The time limitations applicable to employment discrimination cases such as this are not, however, jurisdictional and they are subject to equitable tolling. *Oshiver*, 38 F.3d at 1387 (citations omitted). The Third Circuit "has instructed that there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or his rights; or (3) where the plaintiff has timely asserted his or his rights mistakenly in the wrong forum." *Id.* Because

7

Retzler provides no basis upon which to suggest that equitable tolling may be deemed appropriate, and, even if he had, the ADEA and Title VII claims would still be implausible, the Court finds that any attempt to amend the claim to cure the exhaustion of administrative remedies/time limitations problem would be futile.[4]

**B.   State Law Claims**

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

---

[4] The Court takes judicial notice that Retzler is well informed on the issues the Court has identified as defects in his employment discrimination claims. Retzler is a frequent litigator in this Court, both individually and with his partner, Laura Warden. Warden filed an ADEA claim that was dismissed in part for failure to state a plausible claim for many of the same reasons that Retzler's claims are found defective. *See Warden v. Woods Servs.*, Civ. A. No. 19-5493, 2019 WL 6726470 (E.D. Pa. Dec. 10, 2019). The Court further takes notice that the Complaint in this case and in *Warden* are written in the same handwriting. Failing to allege the plausible elements of an ADEA or Title VII claim based on wrongful termination or hostile workplace, as well as the exhaustion of administrative remedies, while possessing constructive knowledge of those requirements, also militates toward finding that amendment would be futile.

Since Retzler and Defendants are Pennsylvania residents or entities, complete diversity of citizenship is lacking. Accordingly the state law claims will be dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

Retzler's ADEA and Title VII claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His state law claims, including any claim he may have for failure to pay wages under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. §§ 260.1-260.45, and for harassment, are dismissed without prejudice for lack of subject matter jurisdiction. The motion for appointment of counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.